# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LOTTIE M. STANLEY,**

    **Plaintiff,**

v.                                                                                                 **Civil No. 1:12cv35**
                                                                                                    **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On March 2, 2012, the plaintiff filed a complaint pursuant to the Federal Tort Claim Act ("FTCA") against the United States of America, containing numerous allegations regarding her former incarceration at SFF Hazelton[1], which is located in Bruceton Mills, West Virginia. On that same date, the plaintiff filed a Motion for Leave to proceed *in forma pauperis*, together with a Prisoner Trust Account Report and a Consent to Collection. On March 6, 2012, the plaintiff was granted leaved to proceed *in forma pauperis* without the payment of an initial partial filing fee. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

## I. THE COMPLAINT

In her complaint, the plaintiff alleges that she received a threatening note[2] in her back pack while in the SFF Hazelton Education Department. The plaintiff maintains that she filed a sensitive remedy on March 1, 2010, but received no help from the Federal Bureau of Prisons. ("BOP"). In

---

[1] At the time the plaintiff filed her complaint, she was incarcerated at FMC Carswell Medical Center.

[2] As an exhibit, the plaintiff attaches the note she allegedly received. It appears to be comprised of words cut out of magazines and/or newspapers and reads: " I know You know about us. If you talk it can be dangerous. Poisons enter our environment." (Doc. 12-1, p. 4).

addition the plaintiff alleges that she informed numerous employees of SFF Hazelton that her life was in danger as a result of the threatening note, and she worried for her safety. The plaintiff maintains that none of the employees to whom she turned for assistance provided any help. The plaintiff also appears to allege that she was placed in the special housing unit, and while so housed, her religious medals were taken from her and not returned to her until she transferred to the Carswell Medical Center. In summarizing her injury, the plaintiff alleges that she "was injured by the officials at FBOP-Facility at SFF Hazelton, West Virginia, by witnessing a lieutenant and inmate engaging in inappropriate sexual behavior and as a result of this observation I was traumatized by the actions of staff officials." (Doc. 1, p.9). The plaintiff concludes her complaint by stating that the actions of the staff caused her physical and emotional injuries, anxiety, depression, posttraumatic stress disorder ("PTSD"), severe hypertension, panic attacks, severe headaches, and insomnia. For relief, the plaintiff seeks $13,000,000.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity

dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680. However, this waiver of sovereign immunity is subject to several requirements and limitations. One of those is found in § 1346(b)(2), which provides as follows:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, mental or emotional injuries suffered while in custody without a prior showing of physical injury.

Similarly, Section 803(d) of the Prison Litigation The form Act, codified at 42 U.S.C.§ 1997e (e.), Also predicates a prisoner's claim for mental or emotional injuries suffered while in custody on a showing of an accompanying physical injury. See 42 U.S.C. § 1997e(e) (" No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injuries suffered while in custody without a prior showing of physical injury."). In light of the

---

[3] Id. at 327.

similarities between § 1346(b)(2) and § 1997e(e), and the fact that the PLRA also applies to the plaintiff's claims, the undersigned has relied upon cases interpreting both statutes.

The plaintiff does not assert that either the individual who allegedly sent her the threatening letter or the prison officials who allegedly failed to act upon those threats physically harmed her in any way. Nor does she allege that the officer or inmate who allegedly improperly interacted with each other caused her any physical harm. Rather, she alleges that prison officials placed her in the SHU without explanation; generally ignored her expression of fear for her safety; and that she was emotionally traumatized by observing the alleged improper interaction between staff and an inmate. As a result of these non–physical acts, she alleges that she suffered physical and emotional injuries, anxiety, depression, "PTSD", severe hypertension, panic attacks, severe headaches, and insomnia.

However, the depression and stress about which the plaintiff complains are the types of mental and emotional injuries which § 1346(b)(2) precludes as a basis for a FTCA without a showing of prior physical injuries. See e.g., Brooks v. Smith, C.A. 3:04-cv-2680, 2007 WL 3275266, at *2 (M.D.Pa. Nov. 6, 2007)(holding that prisoner suffered headaches from the stress of his confinement did not meet the physical injury requirement; collecting cases); Smith v. Carroll,. C.A. No. 05-139, 2006 WL 1338825 at *2 (D.Del. May 16, 2006)(holding prisoner's claims seeking damages for stress, depression and mental illness and compensation for pain and suffering barred by physical injury requirement); Cloud v. Goldberg, C.A. No. 98-4250, 2000 WL 157159, at *5 (E.D. Pa. Feb. 14, 2000)(holding that prisoners allegation that failure to treat his medical condition resulted in "depression, insomnia, and just being in a scary frame of mind" did not satisfy the physical injury requirement). Applying 42 U.S.C. § 1997e(e), courts have consistently rejected claims of anxiety and stress, as well as the physical manifestations associated with emotional distress, such as loss of appetite, headaches and sleeplessness to establish a physical injury. Grainger v. Fed. Bureau of Prisons, 2009 WL 47217 at *3 (S.D. Tex. Jan.

6, 2009). See also Chatham v. Adcock, 334 Fed.Appx. 281, 285 (11th Cir. 2009)(claims of anxiousness, nausea, nightmares, hallucinations, and **fluxuating blood pressure** are not sufficient to satisfy § 1997e(e). Accordingly, because the plaintiff has made no allegation whatsoever of physical injury, and has no chance for success, her FTCA must be dismissed.

### VI. Recommendation

For the reasons set forth in this Order, it is recommended that the plaintiff's Complaint be **DISMISSED WITH PREJUDICE.** It is further **RECOMMENDED** that the plaintiff's Motion for Appointment of Counsel be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[4]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff and any counsel of record.

Dated: October 24, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

5