IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LOTTIE M. STANLEY,**

    **Plaintiff,**

**v.** // **CIVIL ACTION NO. 1:12CV35**
                                      **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the civil action filed by Lottie M. Stanley. For the reasons set forth below, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE**.

**I.**

On March 2, 2012, the pro se plaintiff, Lottie M. Stanley ("Stanley"), filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), alleging various claims related to her incarceration at SFF Hazelton. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. On March 6, 2012, the magistrate judge granted Stanley's motion to proceed in forma pauperis without prepayment of the initial partial filing fee. (Dkt. No. 7).

## ORDER ADOPTING REPORT AND RECOMMENDATION

Magistrate Judge Kaull issued an R & R on October 24, 2012, in which he recommended that Stanley's complaint be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Noting that Stanley had failed to allege any physical injuries, the magistrate judge determined that her claims are precluded by both the FTCA, 28 U.S.C. § 1346(b)(2), and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), which prohibit an inmate from filing suit for mental or emotional injury absent a prior showing of physical injury. Stanley filed an objection to the R&R on November 13, 2012, arguing that because "she is no longer a prisoner and no longer incarcerated or confined in jail, prison, or other correctional facility," neither the FTCA or the PLRA operate to bar her claims. (Dkt. No. 22 at 2).

## II.

In her complaint, Stanley alleges that, in January of 2010, she received a threatening note in her book bag while in the education department of SFF Hazelton. (Dkt. No. 1 at 7). She complains that she told various BOP employees she was frightened by the note, but they nevertheless failed to adequately respond. Rather, a prison administrator put her on "loud specker [sic]" with a man that wanted to know "what she saw," and Stanley was "very scared of [his] questions." Id. at 8. Other BOP employees also asked her questions or made comments that made her "even more

scared," i.e., one told her that "you have plenty of time to change your home plan, what if your family's house burns down," id. at 12, and another indicated that her family should stop calling the warden because it was "on her." Id. at 12.

Stanley also levies various accusations against SFF Hazelton's medical staff, alleging that she was "very scared" that a BOP psychologist was going to "try to give her something to make her lose her memory," id. at 9, that another doctor "lied" to her to get "blood work for psychology," id. at 10, and that a physician's assistant had called her "crazy." Id. at 11. She further alleges that a religious medal was taken from her, and not timely returned, when she was placed in the Special Housing Unit ("SHU"). Id. at 8. Finally, she contends that she was "traumatized" by witnessing a "Lieutenant and inmate engaging in inappropriate sexual behavior." Id. at 9.

As a result of these actions, Stanley alleges that she suffers from post-traumatic stress disorder, anxiety, depression, severe hypertension, panic attacks, severe headaches, and insomnia. She seeks thirteen million dollars in damages.

### III.

The Court liberally construes pro se complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal citations and

3

quotation marks omitted)). Nevertheless, even under that liberal standard, the Court must dismiss in forma pauperis actions that are frivolous, malicious, or fail to state claims upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). Similarly, in screening a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Court may "apply common sense" when making this determination. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); see also Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (internal quotation marks and citations omitted)).

Whether a complaint states a claim upon which relief can be granted, on the other hand, is determined by the familiar standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (citing DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000)). In other words, a complaint – even a pro se complaint – must contain

enough allegations of fact "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v.. Twombly, 550 U.S. 544, 547 (2007); see also Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (pro se pleadings are not exempt from "Twombly's requirement that a pleading contain more than labels and conclusions"); see also Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("[E]ven a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (citations omitted)).

**IV.**

Stanley contends that the magistrate judge incorrectly found that her claims are barred by 28 U.S.C. § 1346(b)(2) and 42 U.S.C. § 1997e(e) because she has recently been released from prison. The Court disagrees.

The FTCA provides that "[n]o person convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." 28 U.S.C. § 1346(b)(2). Similarly, under the PLRA, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). A

STANLEY V. UNITED STATES                                        1:12CV35

**ORDER ADOPTING REPORT AND RECOMMENDATION**

prisoner, in sum, cannot bring a claim for mental or emotional injuries without some "prior showing of physical injury." 28 U.S.C. § 1346(b)(2); 42 U.S.C. § 1997e(e).

The circuit courts of appeals have uniformly found that it is the custody status of a plaintiff at the time an action is filed, i.e., when it is "brought," that determines the applicability of the PLRA. See, e.g., Cofield v. Bowser, 247 F. App'x 413, 414 (4th Cir. 2007).[1] Similarly, the relevant provision of the FTCA turns on when a litigant "bring[s]" a civil action against the United States. See generally Harris v. Garner, 216 F.3d 970, 973-80 (11th Cir. 2000) (discussion of "well established" principle that "'brought' and 'bring' refer to the filing or commencement of a lawsuit, not to its continuation"); see also Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005) (waiver of sovereign immunity and its exceptions must be strictly construed in favor of the sovereign). Here, as Stanley was a prisoner when she "brought" this "action" on March 2, 2012, her claims are barred in the absence of a "prior showing of physical injury." 28 U.S.C.

---

[1] See also Norton v. City of Marietta, 432 F.3d 1145, 1150 (10th Cir. 2005); Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam); Witzke v. Femal, 376 F.3d 744, 750 (7th Cir. 2004); Cox v. Mayer, 332 F.3d 422, 425 (6th Cir. 2003); Harris v. Garner, 216 F.3d 970, 973-80 (11th Cir. 2000); Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002); Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir. 1998).

§ 1346(b)(2); 42 U.S.C. § 1997e(e). The Court thus **OVERRULES** her objection to the R&R.

The Court further notes that, even if Stanley's claims were not barred under these statutory provisions, her suit would nevertheless be subject to <u>sua sponte</u> dismissal for failure to state a claim. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Liability attaches under the FTCA only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The "law of the place" means the law of the state where the tort occurred, <u>FDIC v. Meyer</u>, 510 U.S. 471, 478 (1994), i.e., West Virginia. Even liberally construed, however, Stanley's scattershot and largely indecipherable allegations fail to set forth any recognizable state tort claims against the named federal employees. Her complaint, therefore, "do[es] not permit the court to infer more than the mere possibility of misconduct[.]" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Finally, to the extent Stanley states in her objections that her complaint "has merit" under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Court notes that "[a]ny remedy under <u>Bivens</u> is against federal officials individually, not the federal government." <u>Randall v. United States</u>, 95 F.3d 339, 345 (4th Cir. 1996). Even if she had alleged

7

such a cause of action in her complaint, which she did not, she could not pursue it against the United States.

**V.**

For the reasons stated above, the Court:

1. **ADOPTS** the Report and Recommendation (Dkt. No. 20);

2. **DISMISSES** the plaintiff's complaint **WITHOUT PREJUDICE**[2] as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii); and

3. **ORDERS** that this case be **STRICKEN** from the docket of this Court.

If the plaintiff should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies

---

[2] To the extent that the magistrate judge recommended dismissing this case with prejudice, the Court declines to do so in light of Nagy v. FMC Butner, 376 F.3d 252, 258 (4th Cir. 2004) ("We do not think . . . that Congress intended a dismissal under § 1915(e)(2)(B)(i) of the in forma pauperis statute to operate as a dismissal with prejudice.").

of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: January 23, 2013


/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE